16-370-cv
Gissin v. Freedman

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 17th day of May, two thousand sixteen.

Present:     ROSEMARY S. POOLER,
             DEBRA ANN LIVINGSTON,
             SUSAN L. CARNEY,
                         *Circuit Judges.*

_____

IN RE EX PARTE APPLICATION OF GUY GISSIN, SOLELY IN HIS CAPACITY AS COURT APPOINTED LIQUIDATOR OF SYBIL EUROPE PUBLIC CO. LIMITED, FOR AN ORDER PURSUANT TO 28 U.S.C. 1782 TO CONDUCT DISCOVERY FOR USE IN A FOREIGN HEARING

_____

GUY GISSIN,

                         *Petitioner-Appellee*,

          v.                                                    16-370-cv

ALAN FREEDMAN, MOORE CAPITAL MANAGEMENT, LLC,
LM MOORE SP INVESTMENTS, LTD.,

                         *Respondents-Appellants*.[1]

_____

Appearing for Appellants:     Christopher M. Egleson, Sidley Austin LLP (Christina Prusak Chianese, Nancy Chung, *on the brief*), New York, NY.

---

[1] The Clerk of the Court is respectfully directed to amend the caption as above.

Appearing for Appellee:     Michael S. Devorkin, Golenbock Eiseman Assor Bell & Peskoe LLP (Alexander K. Parachini, *on the brief*), New York, NY.

Appeal from the United States District Court for the Southern District of New York (Hellerstein, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and it hereby is **AFFIRMED**.

Alan Freedman, Moore Capital Management, LLC, and LM Moore SP Investments, Ltd. (together, the "Moore Defendants") appeal from the January 7, 2016 and February 5, 2016 orders of the United States District Court for the Southern District of New York (Hellerstein, *J.*) granting the application of Guy Gissin for discovery pursuant to 28 U.S.C. § 1782. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Gissin seeks to obtain evidence pursuant to Section 1782, which allows district courts to issue orders that allow parties to take discovery in the United States "for use in a proceeding in a foreign or international tribunal." 28 U.S.C. § 1782(a). On appeal, the only argument advanced is that the discovery sought is not "for use" in a foreign proceeding, and thus does not fall within the parameters of Section 1782.

We agree with the district court that *Lancaster Factoring Co. v. Mangone*, 90 F.3d 38, 42 (2d Cir. 1996) controls the outcome here. There, our Court held that a foreign bankruptcy proceeding "is within the intended scope of § 1782." *Id.* We rejected respondent's argument that the discovery was not for use in a foreign proceeding "because Lancaster may or may not exercise its option to acquire whatever claims it may find and may or may not decide to commence a proceeding to pursue those claims." *Id.* "[R]egardless of what may happen in the future, there is already a proceeding pending, to wit, the bankruptcy proceeding in Milan." *Id.*; *see also In re Application of Hill*, No. M19-117(RJH), 2005 WL 1330769, at * 5 (S.D.N.Y. June 3, 2005) (granting Section 1782 petition to liquidator in a Hong Kong liquidation proceeding, noting that "[t]he fact that the Liquidators may use the fruits of discovery to pursue potential claims against third parties does not undermine their equally legitimate goals of reconstructing financial records, evaluating key transactions and identifying and recovering the debtors' assets").

We have considered the remainder of the Moore Defendants' arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk